**ANN E. ARIANO, ESQUIRE**
**6121 CHATHAM COURT**
**Harrisburg, PA  17111**
**(717) 564-6955**
**Fax:(717) 564-5411**
**Ariano@paonline.com**
**Supreme Court identification number  PA-65178**
==========================================================
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 1:-CR-01-131-09** |
| | : | |
| | : | |
| | : | **(JUDGE RAMBO)** |
| **v.** | : | |
| | : | |
| **KEVIN CARD** | : | |
| | : | |
| **Defendant** | : | |

### SENTENCING MEMORANDUM

Defendant   Kevin Card, by counsel, respectfully requests, pursuant to United States v. Booker, 125 S.Ct 738 (2005) and 18 U.S.C. Sec. 3553(a), that this Honorable Court impose a sentence at the low end of the sentencing range  In support of this request, Mr. Card states as follows:

1

I.   **Statement of Facts**

On April 11, 2001, a multiple count Indictment was filed charging Kevin Card and several other codefendants with conspiracy to commit mail and wire fraud in violation of 18 USC Section 1341. Mr. Card traveled to the Middle District from Canada on January 31, 2008. On that date he pled guilty to Count 1 of the indictment. The plea was entered pursuant to a written plea agreement. On the day of his guilty plea Mr. Card met with the U.S. Probation Officer and readily admitted his role in the offense. He further cooperated in this investigation by submitting to interviews by postal inspectors. A presentence report was prepared which states that the suggested guideline range in this case is 18 to 24 months. (based on a Total Offense level of 15 and a Criminal History Category of I). The defendant does not object to this calculation of the guidelines. Mr. Card's sole objection to the PSR is to paragraph 66 which states:

> USSG Sections 4A1.2(h) and 4A1.3 provide that certain information can be considered by the Court in determining whether the criminal history category under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes and warranting an upward departure from the guideline range. Such information may include prior sentences not used in computing the criminal history points for foreign offenses. Card did not receive criminal history points for his four criminal convictions in Canada, which could be considered grounds for an upward departure.

For the reasons stated below Mr. Card avers that his criminal history in Canada does not warrant an upward departure. In addition Mr. Card asks the Court to consider several of the factors outlined in 18 USC Section 3553(a) in determining his sentence.

2

**II.    Legal Standard**

Booker authorizes this Court to impose a sentence below the guideline range. Under Booker the United States Sentencing Guidelines are merely "advisory" and sentencing courts are required to consider all of the factors listed in 18 U.S.C. Sec. 3553(a) in imposing sentence. Booker, 125 S.Ct. 738, 757 (2005). The Third Circuit has held that Booker requires district courts to consider the factors set forth in 18 U.S.C. Sec. 3553(a) when sentencing defendants under the advisory guidelines. United States v. Cooper, 2006 U.S. App. LEXIS 3453, at *6 (3rd Cir. Feb. 14, 2006). (citing Booker, 125 S.Ct. at 764-65). Under Third Circuit law, the district court must give "meaningful consideration to the Section 3553(a) factors." Id. At *11. The court must also reasonably apply those factors to the particular circumstances of the case. Id. At *15. Moreover, "a within-guidelines sentence is not necessarily reasonable per se." Id. at *20. The primary directive in Section 3553(a) is that the Court must impose a sentence that is "sufficient, *but not greater than necessary*, to comply with" the purposes of sentencing. See 18 U.S.C. Sec. 3553(a) (emphasis added). Those purposes include the need:

1. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.
2. to create adequate deterrence
3. to protect the public from future crimes of the defendant, and
4. to provide the defendant with necessary treatment and training. Sec. 3553(a)(2).

Section 3553(a) directs the court to consider a number of additional factors as well, including:

1. the nature and circumstances of the offense 3553(a)(1);
2. the history and characteristics of the defendant 3553(a)(1);
3. the kinds of sentences available 3553(a)(3);
4. the sentencing guideline range 3553(a)(4);
5. pertinent Sentencing Commission policy statements 3553(a)(5);
6. the need to avoid unwarranted sentencing disparities 3553(a)(6);

3

    7. the need to provide restitution to any victims of the offenses 3553(a)(7).

As is emphasized in <u>Booker</u>, under the Sentencing Reform Act, "(n)o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." <u>Booker</u>, 125 S.Ct. at 760 (quoting 18 U.S.C. Sec. 3661). Accordingly, this Court may consider factors which the Guidelines discourage, limit or reject.

**III.**    History and Characteristics of Kevin Card

    A sentence of no more than 18 months is a reasonable sentence both under the Guidelines and under the broader authority of Section 3553(a). This sentence reflects the seriousness of the offense while still taking into account Mr. Card's history, characteristics and family responsibilities.

    Kevin Card is 37 years old. He was born in Kingston, Jamaica but moved to Canada with his mother and siblings in 1980. Kevin has a good relationship with his mother, stepfather and siblings and he reports a happy childhood. Despite the fact that he came from a good home Kevin submitted to neighborhood peer pressure as a teenager and fell in with a rough crowd. He made poor choices which included dropping out of high school and living on the streets. During these turbulent years he was arrested for possession of marijuana in 1993 and for causing a disturbance while intoxicated at a basketball game in 1994. For the latter offense he spent one night in prison and was released.

    Due to his lack of a high school diploma he was only able to work odd jobs and had difficulty supporting himself. For this reason he agreed to become involved in the fraudulent

4

telemarketing scheme with co-defendant Bennie Sanders. As is stated in the presentence report Kevin and Bennie Sanders were arrested and convicted in Canada for conduct relating to the telemarketing scheme. Kevin received a one year conditional sentence and two years probation for his role in the offense. He was also placed on house arrest while he awaited extradition to the United States. Since his Canadian conviction in 2001 Kevin has effectively turned his life around and has become a very productive member of society.

In 2001 Kevin passed a high school equivalency test and entered Centennial College in Toronto as a "mature student".  He graduated in 2004 with a two year degree in social work. In 2005 he began to attend York University in Toronto. At the time of his guilty plea Kevin had been working towards a Bachelors Degree in Sociology. While a student at York University Kevin began working for a Canadian youth program called Breaking the Cycle: Youth Gang Exit and Ambassador Leadership Project. (www.cantraining.org) This program, which is sponsored by the Canadian Government, provides leadership training to young people with a history of gang involvement. The goal of the program is to teach young people to understand the cycle of violence and ways to stop violence in their lives, with their family members, peers and within the larger community. Kevin was hired as a case manager and part of his responsibilities included delivering training programs such as: Cognitive Behaviour Theory and Practice and Anger Management.

Jabari Lindsay, Project Coordinator for Breaking the Cycle describes Kevin as reliable, punctual and committed to both the team and the youth. (see letter of Jabari Lindsay attached hereto as Exhibit A). Mr. Lindsay writes that "Kevin's compassion for the youth in the program

5

was very evident as he made himself available to our program participants after program hours… Kevin's time with Breaking the Cycle was invaluable and we were very disheartened to hear that he had to leave."

Kevin's goal, as is evidenced by his choice of study and work with Breaking the Cycle, is to help troubled youth understand that education is the key to a better life. Although incarceration has interrupted his own education he is undeterred in his goals and will complete the remaining courses when he is released and will then resume his work with high risk youth. Finding employment after graduation will also allow Kevin to resume supporting his three young children. They are Tejah Card, age 12, Halle Reid, age 2 and Jahmarah Card, age 2. Kevin is described by the mothers of his children as a good father who is committed to his family. (see letters of Charmaine Brown and Melanie Skinner attached hereto as Exhibits B and C).

Both Ms. Brown and Ms. Skinner speak to Kevin's serious resolution to turn his life around and to his determination to remain focused on accomplishing the goals he has set for himself.

**IV.    Kevin Card's Canadian Criminal History should not be considered as grounds for an Upward Departure.**

Mr. Card objects to the Probation Officer's conclusion in paragraph 66 of the PSR that an upward departure should be considered. Two of his convictions were for minor offenses that occurred more than 14 years ago. A third conviction was for conduct that is related to the present

6

indictment and would not be counted here in any event. The 2002 offense was the result of Mr. Card giving the wrong name to a police officer who was questioning him. Kevin, who was on probation, was out past his curfew at the time.

In the time period since his last contact with Canadian police Kevin has educated himself and proven through his work with troubled youth that he can be an asset to his community. Thus the likelihood that he will commit crimes in the future is low.

### V. Conclusion

In considering Mr. Card's history and characteristics and his family responsibilities it becomes clear that a sentence at the low end of the guideline range is "sufficient, but not greater than necessary," to comply with the purposes of sentencing under Section 3553(a).

Kevin is very remorseful for his actions and understands his obligation to repay the restitution amount. He understands that his crime was a serious one and that he will have to serve a prison sentence. He has, however, shown by his positive work in the community that he is dedicated to remaining a law abiding citizen.

Lastly, Mr. Card respectfully requests that the Court recommend to the United States Bureau of Prisons that he be designated to a federal institution near the border between the United States and Canada so that his family may visit without incurring undue expense.

RESPECTFULLY SUBMITTED,

<u>/s/ ANN E. ARIANO</u>
ANN E. ARIANO, ESQUIRE
6121 CHATHAM COURT
Harrisburg, PA  17111
(717) 564-6955  (Office)
(717) 564-5411 (Fax)
ariano@paonline.com
ATTORNEY FOR THE DEFENDANT

8

The Law Offices of ANN E. ARIANO
6121 CHATHAM COURT
Harrisburg, Pennsylvania  17111
Telephone (717) 564-6955
FAX (717) 564-5411
Email: ariano@paonline.com
    By:  ANN ARIANO, ESQUIRE

CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the attached document upon the person(s) named below via electronic filing.

    CHRISTY FAWCETT, ESQUIRE
ASSISTANT  UNITED STATES ATTORNEY
MIDDLE DISTRICT OF PENNSYLVANIA
228 WALNUT STREET
P.O. BOX 11754
HARRISBURG, PA  17108

RESPECTFULLY SUBMITTED,

The Law Offices of ANN E. ARIANO

By:  /s/ ANN E. ARIANO

ANN E. ARIANO, ESQUIRE
BAR No. PA- 65178
6121 CHATHAM COURT
Harrisburg, PA  17111
(717) 564-6955  (OFFICE)
(717) 564-5411 (FAX)
ariano@paonline.com
ATTORNEY FOR DEFENDANT

9